KLIEBERT, Judge.
This suit was brought by Carl 0. Brown, Jr., a Louisiana resident, for personal injuries sustained when a vehicle rented by Brown from Reserve Rent-A-Car in Atlanta, Georgia, and operated by Charles L. Bernard, a Louisiana resident, skidded off a North Carolina highway and plunged into a gorge. Brown sued Bernard, St. Paul Fire & Marine Insurance Company (Bernard’s automobile liability insurer) and Liberty Mutual Insurance Company (Reserve Rent-A-Car’s automobile liability insurer). The trial court granted a motion for summary judgment and dismissed Brown’s suit against Liberty Mutual on the grounds coverage was excluded by its policy because Brown violated the car rental agreement by using the vehicle outside Georgia without the written consent of Reserve Rent-A-Car. For the reasons which follow we reverse the judgment of the trial court.
In support of its motion for summary judgment Liberty Mutual directed the court’s attention to paragraphs 6 and 14 of the rental agreement which provided in part:
“BODILY INJURY — PROPERTY DAMAGE RESPONSIBILITY TO THIRD PARTIES
6. If Renter or other authorized operator is in compliance with all of the terms and conditions of this agreement, Owner agrees to provide coverage for Renter and other operators authorized by Owner during the term of this agreement for bodily injury and property damage claims by third parties equal to statutory limits ...”
“VIOLATIONS OF THE CONTRACT
14. Renters’ or other operator’s rights to use or operate the vehicle described and the rights under Paragraphs 5 and 6 shall terminate forthwith and be null and void if said vehicle is used, operated or driven
a. In violation of any of the terms and conditions of the agreement in the event of reasonable evidence of such violation. Renter agrees to be fully liable for the entire amount of any damage, loss of expense incurred by Owner or any third party.”
[[Image here]]
“e. By any person other than Renter who signed the rental agreement without the written consent of Owner or Owner’s representative endorsed hereon.
f. Outside the state of rental without the written consent of Owner or Owner’s representative endorsed hereon.”
9k $ $ $ 9k #
the following provisions on the front page of the car rental agreement in close proximity to Brown’s signature:
“VEHICLE SHALL NOT BE OPERATED BY ANY PERSON EXCEPT RENTER AND THE FOLLOWING AUTHORIZED OPERATORS WHO MUST BE VALIDLY LICENSED TO DRIVE AND HAVE RENTERS PRIOR PERMISSION. PERSONS 25 OR OVER WHO ARE MEMBERS OF THE CUSTOMERS IMMEDIATE FAMILY AND PERMANENTLY RESIDE IN RENTERS HOUSEHOLD RENTER AGREES NOT TO PERMIT USE OF VEHICLE BY ANY OTHER PERSON, WITHOUT OBTAINING OWNERS PRIOR WRITTEN CONSENT VEHICLE MAY NOT BE REMOVED FROM STATE WHERE RENTED WITHOUT OWNERS PRIOR WRITTEN CONSENT.”
and Amendatory Endorsement NRD 71 (R/Ll) of its policy which provides:
“[B] 1. The insurance provided by this policy for the lessee, rentee, its servants, agents or employees or those using the *249 automobile with or without the permission of the lessee or rentee or persons alleged [sic] to be legally responsible for the use of the automobile is subject to the terms, including any limit of liability, conditions, restrictions and limitations contained in the lease or rental agreement, providing our undertaking under this policy is not enlarged or extended.”
Liberty Mutual contended that as Bernard did not have Reserve Rent-A-Car’s written permission to drive the automobile, and as the automobile was removed from Georgia, no coverage existed under the policy.
The trial court granted the motion for summary judgment because it concluded there was no coverage under the policy because Brown violated the rental agreement by using the vehicle outside the State of Georgia without the prior written consent of the renter. The court did not address the issue of Bernard’s operation of the vehicle and did not say whether the law of Georgia, Louisiana, or perhaps North Carolina was applied in reaching its conclusion.
Liberty Mutual contends the law of the State of Georgia must be applied in interpreting the above referenced contractual and policy provision and, once that is done, only one conclusion can be reached — no coverage exists under the policy in light of the facts involved here. Brown does not seriously contest the need to apply Georgia law, but argues that after doing so one must conclude there is coverage under the policy, because the alleged breach of the rental agreement was not so material as to void the policy coverage. Counsel argues that for the coverage to be voided the “misrepresentation” must be such that had a prudent insurer known of the misrepresentation it would have been influenced in accepting or rejecting the risk and/or in the premium computation. It is undisputed that had written permission for Bernard to operate the vehicle and to remove it from Georgia been requested, it would have been granted.
Brown and Bernard testified in deposition that Bernard drove the agent back to her office, and Brown testified he told the agent he was going to North Carolina. Although the representative of the rental agency denies that Bernard drove her back to the office, she admits she thought he might drive the car because Brown was awkward in driving the small car. Thus, Brown contends there was a factual dispute as to whether the representative of the rental agency was told or knew Bernard would operate the rental car and that the car would be taken outside of the State of Georgia.
Both litigants cite this court to numerous Georgia decisions regarding implied permission for someone to use a non-owned vehicle. However, these cases are non-responsive to the trial court’s reasons for judgment, which clearly indicated it was the removal of the vehicle from Georgia which was the basis for non-coverage under the insurance policy. The parties have not cited this court to Georgia jurisprudence regarding the validity of “place of use” clauses of the car rental agreements and/or insurance contracts. More importantly, the parties have not cited this court to Georgia law as regards oral amendments to car rental and/or insurance contracts.
Under Louisiana law, testimonial or other evidence may be admitted to prove that an authentic act or act under private signature was modified by a subsequent and valid oral agreement. La.C.C. Article 1848. We assume Georgia law is the same, as we have not been otherwise informed. Thus, it may be possible for plaintiff to prove (as he alleges) that the Reserve Rent-A-Car agent knew or was informed Bernard was going to drive the car and that the car would be driven to North Carolina, yet took no action to memoralize that knowledge in writing. Plaintiff may be able to prove a valid oral agreement, varying from the written rental agreement, existed. The key to such proof involves a determination as to the validity of disputed facts, i.e., did the Reserve Rent-A-Car agent ride in the car while Bernard was driving, and did Brown tell the agent he planned to drive into North Carolina.
*250 La.C.C.P. Article 966 provides that summary judgment should only be granted when the pleadings, depositions, and affidavits on file reveal there are no issues of material fact and that the mover is entitled to judgment as a matter of law. We believe there are material issues of fact which remain unresolved; hence, the motion for summary judgment should have been denied.
Accordingly, the judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings. Costs are to borne by the appellee.
REVERSED AND REMANDED.